1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    MARTIN H. ORLICK (Bar No. 083908)
2   MATTHEW S. KENEFICK (Bar No. 227298)
    Two Embarcadero Center, Fifth Floor
3   San Francisco, California 94111-3824
    Telephone:   (415) 398-8080
4   Facsimile:   (415) 398-5584

5

6   Attorneys for Defendant BANK OF THE WEST

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  ELAINE NEISWENDER,                    CASE NO.
                                          CASE NO.    SCV 236538 (Sonoma County)
12              Plaintiff,

13       v.                               DECLARATION OF MARTIN H. ORLICK
                                          IN SUPPORT OF DEFENDANT BANK OF
14  BANK OF THE WEST, ROBERT O. BABA      THE WEST'S NOTICE OF REMOVAL OF
    JR., CHRISTOPHER MC NEIL, DDS, and    ACTION PURSUANT TO 28 U.S.C. § 1441
15  DOES 1 to 10,
                                          FEDERAL QUESTION JURISDICTION,
16              Defendants.               DIVERSITY JURISDICTION

17

18                                        Complaint Filed:   April 8, 2005
                                          Trial Date:        None Set
19

20  I, Martin H. Orlick, hereby declare:

21       1.      I am a member of the State Bar of California and of Jeffer, Mangels, Butler &

22  Marmaro LLP, attorneys for Defendant BANK OF THE WEST (the "Bank"). The matters stated

23  herein are true and correct to the best of my personal knowledge, except as to those matters stated

24  on information and belief, and as to those matters I believe them to be true. If called as a witness to

25  testify, I could and would competently testify thereto.

26       2.      Less than thirty (30) days before the filing of this Notice of Removal, the

27  Bank was served with Plaintiff Elaine Neiswender's ("Plaintiff") Complaint in the current action

28  that was filed in the Superior Court for the County of Sonoma, Case No. SCV 236538. A true and

COPY

INTED ON
CYCLED PAPER



correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.  In her Complaint, Plaintiff

alleges the Bank violated the Americans with Disabilities Act of 1990 ("ADA") and seeks

Injunctive and monetary relief under the Unruh Civil Rights Act, the Disabled Persons Act, the

California Health and Safety Code and the ADA, based on alleged ADA violations.

    I declare under penalty of perjury, under the laws of the State of California that the

foregoing is true and correct.

    Executed on this 12 day of May, 2005, at San Francisco, California.


MARTIN H. ORLICK, Declarant.

# EXHIBIT A

1  LAW OFFICES OF NICK V. AVTONOMOFF
   Nick V. Avtonomoff, Esq. (State Bar #63713)
2  P.O. Box 2471
   Mill Valley, CA 94942
3  (415) 380-0772; Fax (415) 388-2161

4  Attorney for Plaintiff

ENDORSED
FILED

APR -6 2005

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

7          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             COUNTY OF SONOMA, UNLIMITED JURISDICTION


11  ELAINE NEISWENDER,                    )    SCV 236538
                                          )
12                  Plaintiff,            )
                                          )
13                                        )    **COMPLAINT**
                                          )
14                                        )
    BANK OF THE WEST, ROBERT O. BABA )        **COMPLAINT FOR PRELIMINARY/**
15  JR., CHRISTOPHER MC NEIL, DDS,   )        **PERMANENT INJUNCTION RELIEF**
    and DOES 1 TO 10,                 )       **AND DAMAGES;    DENIAL   OF**
16                                        )    **CIVIL   RIGHTS   AND   PUBLIC**
                                          )    **FACILITIES   TO   HANDICAPPED**
17                  Defendants,           )    **PERSONS, (CIVIL CODE 51,**
                                          )    **ET SEQ.); HEALTH AND SAFETY**
18                                        )    **CODE, SECTION 19955-19959)**
                                          )
19  _____ )   **NO FEDERAL VIOLATIONS PLED**




22  Plaintiff, **ELAINE NEISWENDER**, complains of defendant(s), **BANK OF**

23  **THE  WEST,  ROBERT  O.  BABA,  JR.,  CHRISTOPHER  MC  NEIL,  DDS**

24  (Hereinafter referred to as **"DEFENDANT(s)"**)  and DOES 1 to 10, as

25  follows:




28                                  -1-

INTRODUCTION

1. Plaintiff, **ELAINE NEISWENDER** is a physically disabled adult as defined by 42 U.S.C., Section 12101(1), and as incorporated and adopted by California Civil Code, Section 51, Unruh Civil Rights Act, and as more fully described in paragraph 14. Plaintiff is a person who has: [1] a "physical or mental impairment that substantially limits one or more...major life activities;" [2] has a "record of such impairment;" or [3] "is regarded as having such impairment." She has been the victim of a serious automobile accident, received numerous fractures of the spine and suffered brain injury. She is very unstable in her gait, is prone to falling, and requires the use of a cane, and/or a walker, wheelchair, or assistance from another person. She has received disability status by the Social Security Administrism and the State of California. Plaintiff has been granted, possesses and uses a disability parking placard.

2. There are other disabled persons who have complained of the inaccessibility of defendants' place of public accommodation and may join as plaintiff(s) at some future time.

3. Defendant(s) own(s) and, or operates **business(s) and places of public accommodation** coming within Title 24 of the California Building Code. Said **businesses are in locations as more specifically set forth below in** CAUSES OF ACTION, THIRD THROUGH

**FIFTH**, and are  places of public accommodation.

4. Plaintiff, upon due diligence, is informed and believes, and on such information and belief alleges, that **defendant(s) OWN THE REAL PROPERTY** as identified in **CAUSES OF ACTION THIRD THROUGH FIFTH** and on which they conduct their business(s).  Plaintiff will seek to amend her complaint to include all additional defendants, including real estate owners, lessors, lessees, contractors, architects, agents and employees when discovered.

5. On information and belief, plaintiff(s) allege that defendants were, and continue to be, in violation of state disability access codes and regulations as more fully set forth below, attached and incorporated by reference, and set forth in **CAUSES OF ACTION FIRST THROUGH FIFTH.**

6. Said failures are in violation of State  law, including, but not limited to, The California Disabled Rights Acts, Section 51, et seq. of the Civil Code of California.  In addition, defendant(s) are in violation of each and every deviation from the California Accessibility  Regulations  and  Interpretations  for  Public Accommodations, California Title 24.  Specifically, but not limited to, violations to be discovered upon discovery, not specifically identified in this Complaint, and **as set forth in CAUSES OF ACTION THIRD THROUGH FIFTH.**

7. As a result, plaintiff has suffered damages, and will seek an

-3-

injunction as required by law.  Plaintiff also seeks recovery of statutory compensation for her damages, including the personal injury, humiliation, embarrassment, emotional distress of plaintiff(s), punitive damages, and the recovery of attorney fees, multipliers, expenses, and costs.

8.   The buildings and businesses as identified below are each a "public accommodation or facility" subject to the requirements of California Health & Safety Code, Section 19955 et. seq., and of the California Civil Code, Section 54, et. seq.  Such facilities have, since July 1, 1970, undergone "alterations, structural repairs, or additions" subjecting each such facility to disabled access requirements per Section 19959 of the Health & Safety Code. Plaintiffs allege, on information and belief, that said facilities underwent alterations and changes in use after the July 1, 1982 effective date of Title 24 of the California Code of Regulations, yet also failed to concurrently provide the access for disabled persons required by Title 24 and other provisions of California law.

9. Plaintiff is informed and believe that each of the defendant(s) herein, including DOES 1 to 10, inclusive, is the agent, ostensible agent, alter ego, master, servant, lessor, lessee, employer, employee, representative, trustor, trustee, landlord, tenant, franchiser, franchisee, joint venturer, parent, wholly owned subsidiary, related entity, partner, and/or associate, or such similar capacity, of each of the other defendant(s), and was at all

-4-

times acting and performing, or failing to act or perform, within the course and scope of his/her/or its authority in such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other defendants, and is legally responsible in some manner for the events and happenings herein referred to, and in proximately causing the violations and damages to plaintiff(s) complained of herein.

10. Plaintiff will seek leave to amend this Complaint when the true names and capacities, connections, and responsibilities of defendant(s), and each of them, are ascertained. Plaintiff further alleges that the acts and omissions of each defendant named herein were carried out pursuant to, and as a part of, a joint venture and common enterprise participated in by one or more of the other defendant(s).

11. Within the appropriate statute of limitations prior to the filing of this action, and on subsequent times thereafter, and at such times when such acts would have constituted a futile gesture, plaintiff attempted to use the facilities, goods and services, but was unable to do so because of the barriers set forth and identified below. There are other factual disclosures that will be provided upon reasonable discovery. Said denial by defendants to allow plaintiff reasonable access are in violation of law.

12. Plaintiff alleges, on information and belief, that defendants also denied "full and equal access" to disabled persons in other

-5-

aspects at their facilities, and will amend this complaint, if necessary, according to proof, and upon the opportunity for a full site inspection and further discovery.

### FIRST CAUSE OF ACTION
### DAMAGES FOR DENIAL OF FULL AND EQUAL ACCESS TO A
### PUBLIC ACCOMMODATION: INACCESSIBLE PUBLIC FACILITIES
### (19955 et. seq. Health & Safety Code, 51, et seq. Civil Code)

13. Plaintiff alleges, and incorporates by reference, as if fully set forth again herein, paragraphs 1 through 12 of this Complaint.

14. Plaintiff is "person with a disability" or "physically handicapped person" (hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons", and the Unruh Civil Rights Act, Sections 51 and 52 of the California Civil Code and other statutory measures which refer to the protection of the rights of "individuals with disabilities").

15. Plaintiff, and other similarly situated physically disabled persons who are disabled, was, and is, unable to use the identified public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the Health and Safety Code, Section 19955 et. seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of 19955 et. seq. Health and Safety Code. The acts and omissions

-6-

of defendants complained of herein were committed in the **COUNTY OF SONOMA**, State of California.

16. Section 19955 of the Health and Safety Code was enacted "to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code". Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each "alteration, structural repair or addition" which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" is carried out, or a change in occupancy occurs. Title 24 imposes additional access requirements with which defendants have not complied, including additional requirement for accessible restrooms which serve the areas of alteration. On information and belief, alterations which additionally triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect.

Further, **even if there had been no "trigger" event, Civil Code Section 51, et seq. requires that the defendant must come into compliance if such compliance is readily achievable. Plaintiff alleges that the compliance requested herein is readily achievable.**

-7-

17. As a result of the denial of equal access to the facilities due to the acts and omissions of defendants in owning, operating, constructing, altering, and maintaining the subject facility, plaintiff suffered a violation of Civil Rights, including, but not limited to, rights under Sections 51, et seq, of the Civil Code, and suffered physical injury, discomfort, pain, mental and emotional shock, distress, embarrassment and humiliation, all to her damages. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that she was physically disabled and unable, because of the violations created by the defendants, to use the facilities on a full and equal basis as other persons. Plaintiff also seeks trebling of all actual damages, general and special, as provided by Section 54.3 of the Civil Code. Claimed damages are not limited to treble damages, but include all damages, including punitive damages, allowable by law.

18. As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur litigation expenses, costs and attorney fees, as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney's fees and costs, including multipliers, pursuant to the provisions of Section 54.3 of the Civil Code and case law. Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to require that those of the defendants who own, operate or

-8-

lease   the   building, make their facilities accessible to all disabled members of the public, justifying an award of "public interest" attorney's fees, litigation expenses and costs pursuant to the provisions of Section 1021.5 of the Code of Civil Procedure.

19. On information and belief, the acts and omissions of defendants is   further   evidenced   by   defendants'   failure   to   provide accessibility despite the fact that defendants knew, or should have known that they were denying plaintiff's civil rights, and defendants continued   illegal conduct.   Defendants' refusals to provide accessibility so that these facilities could properly be used by disabled persons, evidence oppression, fraud and implied malice toward plaintiff and other disabled persons, and constitute despicable acts and omissions carried out by defendants with a conscious disregard for the rights and safety of plaintiff and of other disabled persons, and justify exemplary and punitive damages pursuant to Section 3294 of the California Civil Code, in amounts sufficient to make an example of defendants,  according to proof.

**SECOND CAUSE OF ACTION**
**INJUNCTIVE RELIEF**
**(Government Code, Section 4450)**
**(Health & Safety Code, Section 19953)**
**(Civil Code, Section 55)**

20. The acts and omissions of the defendants who currently own, operate,   or   lease   the   subject   building   and   businesses,   as complained of herein, are continuing on a day by day basis to have the effect of wrongfully excluding plaintiff  and other  members of  the  public  who  are  physically  disabled  from  full  and  equal

-9-

access to the facility.  Such acts and omissions were, and are, the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve full and equal access to and use of described public facilities.  The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff and other disabled persons if not enjoined by this court.

21. Wherefore, plaintiff asks this court to  preliminarily and permanently enjoin any continuing refusal by those of the defendants which currently own, operate, or lease the subject premises, to grant  such access to plaintiff, and to require such defendants to comply forthwith with the applicable statutory requirements relating  to  access  for  the disabled. Such injunctive relief is provided by Government Code, Section 4450 et seq.; Section 19953 of the Health and Safety Code; and, California Civil Code, Section 55, all as hereinafter prayed.


**CAUSES  OF  ACTION**
**THIRD THROUGH FIFTH**
**ARE ATTACHED HERETO, AND INCORPORATED BY REFERENCE HEREIN**

-10-

Wherefore, plaintiff(s) pray for relief as hereinafter stated:

**PRAYER**

1. General and compensatory damages in an amount within the jurisdiction of the Superior Court;

2. Statutory and general damages according to proof, including, but not limited to, minimum damages in the sum of $4,000 per plaintiff, per occurrence, as provided by California Civil Code, Section 52;

3. Punitive and exemplary damages in an amount sufficient to deter such wrongful conduct and make an example of defendant(s), pursuant to 3294 Civil Code and such other authority as provided by law;

4. For Attorney fees pursuant to 54.3 and 55 Civil Code, including multipliers, Section 19953 of the Health and Safety Code, and Section 1021.5 of the California Code of Civil Procedure;

5. For injunctive relief prohibiting operation of the public facility, as a place of public accommodation, until defendants provide full and equal access to disabled persons, and requiring that such access be immediately provided;

6. For all costs of suit and litigation expenses;

7. For pre-judgement interest pursuant to 3291 Civil Code;

8. Such other and further relief as the court may deem just.

Dated: April 1, 2005

Nick V. Avtonomoff
Attorney for Plaintiff

-11-

**THIRD CAUSE OF ACTION**
**SPECIFIC VIOLATIONS:**
**BANK OF THE WEST, 6661 FRONT STREET, FORESTVILLE, CA**

23.  Plaintiff, **ELAINE NEISWENDER**, incorporates by reference all paragraphs as set forth herein.

24.  Plaintiff(s), on information and belief, allege that defendant(s) **BANK OF THE WEST, owns and/or operates a bank**, located at **6661 FRONT STREET, FORESTVILLE, CA.**  Said **bank and common areas** were, and continue to be, in violation of state disability access codes and regulations, including, but not limited to, the following:

A.  **There are  parking spaces available for the customers of the bank.  It appears that, at one time, one parking space was dedicated as a disabled, van accessible, parking space.  However, for an extended period of time, believed to be for many years, this one parking space has been <u>intentionally</u>  modified, altered, changed and adulterated so that whatever space there may have once been is now totally out of compliance, confusing, not functional and dangerous.**

B.  Title 24, CCR, Section 1129, et. seq., requires that at least one van-accessible parking stall be provided for the first 25 available stalls, and one each accessible parking stall for each parking stall after the first 25;

C. Defendant(s) is **strictly** required by law to have, at least, one van-accessible parking space.  In fact, <u>**defendant has no disabled parking spaces as required by law**</u>.

D.   Plaintiff, **ELAINE NEISWENDER**, has specifically, and on numerous occasions, and over several months and years, complained of the parking situation, but nothing has been done. **ELAINE NEISWENDER,** and other persons with disabilities, have been damaged on **numerous occasions, offences and occurrences within the definition of California Civil Code, Section 51,** et. seq. Plaintiff is entitled to damages, pursuant to California Civil Code 52(a) to a minimum of $4,000 "**_for each offense._**" Plaintiff alleges that she has been a victim of discrimination on a continual and ongoing basis for the past 2 years and is entitled to damages for numerous and separate offenses according to proof;

E.   There is no signage as required by law.  Any existing signage at all is inadequate, does not conform to existing codes and regulations, and, or has been intentionally and improperly modified, changed, adultered, and is worn and is woefully and obviously out of maintenance.

F.   The disability access violations as set forth above are not necessarily intended to specifically limit or identify all violations.

Plaintiff(s) reserve the opportunity to amend, alter, modify or add to defendant(s)' disability access violation(s) based on omission, inadvertence, discovery or a formal site inspection.

**FOURTH CAUSE OF ACTION**
**SPECIFIC VIOLATIONS:**
**ROBERT O. BABA, JR., 6631 FRONT STREET, FORESTVILLE, CA**

23. Plaintiff, **ELAINE NEISWENDER**, incorporates by reference all paragraphs as set forth herein.

24. Plaintiff(s), on information and belief, allege that defendant(s) **ROBERT O. BABA, JR., owns and/or operates a hardware store,** located at **6631 FRONT STREET, FORESTVILLE, CA.** Said **hardware store and common areas** were, and continue to be, in violation of state disability access codes and regulations, including, but not limited to, the following:

A. **There are parking spaces available for the customers of the hardware store. It appears that, at one time, one parking space was dedicated as a disabled, van accessible, parking space. However, for an extended period of time, believed to be for many years, this one parking space has been** <u>intentionally</u> **modified, altered, changed and adulterated so that whatever space there may have once been is now totally out of compliance, confusing, not functional and dangerous.**

B. Title 24, CCR, Section 1129, et. seq., requires that at least one van-accessible parking stall be provided for the first 25 available stalls, and one each accessible parking stall for each parking stall after the first 25;

C. Defendant(s) is **strictly** required by law to have, at least, one van-accessible parking space. In fact, <u>**defendant has no**</u> <u>**disabled parking spaces as required by law**</u>.

D.   Plaintiff, **ELAINE NEISWENDER**, has specifically, and on numerous occasions, and over several months and years, complained of the parking situation, but nothing has been done. **ELAINE NEISWENDER**, and other persons with disabilities, have been damaged on **numerous occasions, offences and occurrences within the definition of California Civil Code, Section 51, et. seq.** Plaintiff is entitled to damages, pursuant to California Civil Code 52(a) to a minimum of $4,000 **"for each offense."** Plaintiff alleges that she has been a victim of discrimination on a continual and ongoing basis for the past 2 years and is entitled to damages for numerous and separate offenses according to proof;

E.   There is no signage as required by law.  Any existing signage at all is inadequate, does not conform to existing codes and regulations, and, or has been intentionally and improperly modified, changed, adultered, and is worn and is woefully and obviously out of maintenance;

F.   There is a curb of approximately 3-4" with presents a barrier obstructing the path of travel to the hardware store. Where there may be a path of travel from the parking area to the hardware, **defendant has intentionally and continually blocked that path of travel** with items for sale, such as wheelbarrows, carts, garden tools, large and heavy bags of soil, and other items for sale to public and placed on the sidewalk for public display, thereby using the sidewalk intended to be used safely by persons with disabilities for his own profit and causing a very dangerous situation;

G.  Once inside of the hardware store, the isles are narrower than allowed by law and are often cluttered with goods for sale and displays which present barriers;

H.  Plaintiff is informed and believes that the hardware store's counters heights are higher than allowed by law and regulations(s);

I.  The disability access violations as set forth above are not necessarily intended to specifically limit or identify all violations.

Plaintiff(s) reserve the opportunity to amend, alter, modify or add to defendant(s)' disability access violation(s) based on omission, inadvertence, discovery or a formal site inspection.

**FIFTH CAUSE OF ACTION**
**SPECIFIC VIOLATIONS:**
**CHRISTOPHER MC NEIL, DDS, 6625 FRONT STREET, FORESTVILLE, CA**

23. Plaintiff, **ELAINE NEISWENDER,** incorporates by reference all paragraphs as set forth herein.

24. Plaintiff(s), on information and belief, allege that defendant(s) **CHRISTOPHER MC NEIL, DDS, owns and/or operates a dental office and large detached building, with parking areas in front and in back,** located at **6625 FRONT STREET, FORESTVILLE, CA.** Said **dental office and parking areas** were, and continue to be, in violation of state disability access codes and regulations, including, but not limited to, the following:

A.  **The main entrance to the dental office abuts Front Street, Forestville, CA.  Parking spaces are provided to the public, but the main entrance to the dental office/building is inaccessible to persons with disabilities because there is a barrier in the form of stairs.**  There is another area at the rear of the dental office/building which provides additional parking spaces available for the customers of the dental office.  It appears that there may be disability access to the dental office from the rear parking area, but there is no signage whatsoever, and defendant has recently installed a speed bump which obstructs the path of travel to the dental office and presents an intentional, dangerous, man made barrier.  There are no accessible parking spaces;

B.  Title 24, CCR, Section 1129, et. seq., requires that at least one van-accessible parking stall be provided for the first 25 available stalls, and one each accessible parking stall for each parking stall after the first 25;

C. Defendant(s) is **strictly** required by law to have, at least, one van-accessible parking space.   In fact, **defendant has no disabled parking spaces**;

D. Plaintiff, **ELAINE NEISWENDER**, has made inquiries regarding treatment as a patient as the dental office is very close to her home, but has been hesitant to become a continuing patient due to access considerations and the responses she has received as a result of her calling attention to the accesses problems. She has **specifically complained of the parking and access directly to CHRISTOPHER MC NEIL, DDS**, but he has stated to her that "it (access) is not my problem." Nothing has been done to correct the situations.   **ELAINE NEISWENDER**, and other persons with disabilities, has been damaged within the definition of California Civil Code, Section 51, et. seq.  Plaintiff is entitled to damages, pursuant to California Civil Code 52(a) to a minimum of $4,000 "**for each offense**";

E.   There is no signage which is contrary to the requirements of law;

F.    There is a speed bump and other violations of the law which present a barrier obstructing the path of travel to the dental office.   Where there may be a path of travel from the parking area to the dental office, **defendant has intentionally and continually blocked that path of travel**;

G.   The disability access violations as set forth above are not necessarily intended to specifically limit or identify all violations;

Plaintiff(s) reserve the opportunity to amend, alter, modify or add
to defendant(s)' disability access violation(s) based on omission,
inadvertence, discovery or a formal site inspection.